# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| MICHELLE MARIE KRUGER,<br><br>    Plaintiff,<br>vs.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>    Defendant. | No. C 13-3036-MWB<br><br>ORDER REGARDING REPORT AND RECOMMENDATION AND PLAINTIFF'S MOTION TO REMAND |

      This case is before me on a Report and Recommendation (R&R) from Judge Leonard Strand, filed on April 21, 2014 (docket no. 16). In the R&R, Judge Strand recommends that I reverse a decision of the Commissioner of Social Security (the Commissioner) denying Plaintiff Michelle Kruger (Kruger) disability benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and that I remand this case for further proceedings. The Commissioner timely filed an objection to the R&R (docket no. 17). Also before me is Kruger's motion to remand (docket no. 18), in which Kruger argues that remand is appropriate in light of new evidence that Kruger recently received a disability award for a period starting on June 7, 2012, the day after the ALJ's decision in this case. For the reasons discussed below, I adopt the recommendations in the R&R, reverse the Commissioner's decision, and remand this case for further proceedings. I deny Kruger's independent motion for remand based on "new evidence."

      I will address the Commissioner's objection to the R&R and Kruger's motion to remand in turn.

# I. THE COMMISSIONER'S OBJECTION

I review *de novo* the portions of the R&R to which the Commissioner objects. 28 U.S.C. § 636(b)(1). The Commissioner objects to Judge Strand's conclusion that *Nevland v. Apfel*, 204 F.3d 853 (8th Cir. 2000), compels remand because the record contains insufficient evidence of the nature and severity of Kruger's impairments and their effect on her ability to work. The Commissioner's objection turns on whether *Nevland* compels remand when applied to the record in this case.

In *Nevland*, the Eighth Circuit Court of Appeals noted "that it is the duty of the ALJ to fully and fairly develop the record, even when, as in this case, the claimant is represented by counsel." 204 F.3d at 857 (citing *Warner v. Heckler*, 722 F.2d 428, 431 (8th Cir. 1983)). The ALJ's duty to develop the record is independent of the claimant's burden of proof. *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). The court in *Nevland* held that the ALJ failed to properly develop the record before finding, at Step 5, that a claimant was not disabled. 204 F.3d at 858. Importantly, the court in *Nevland* noted that

> there is no *medical* evidence about how [the claimant's] impairments affect his ability to function now. The ALJ relied on the opinions of non-treating, non-examining physicians who reviewed the reports of the treating physicians to form an opinion of [the claimant's] RFC. In our opinion, this does not satisfy the ALJ's duty to fully and fairly develop the record.

*Id*. Based on the lack of medical evidence, the court in *Nevland* remanded the case, holding that "the ALJ should have sought [ ] an opinion from [the claimant's] treating physicians or, in the alternative, ordered consultative examinations, including psychiatric and/or psychological evaluations to assess [the claimant's] mental and physical residual functional capacity." *Id*.

But *Nevland* does not compel remand in every case that lacks a medical opinion from a treating physician. "While the ALJ has an independent duty to develop the record in a social security disability hearing, the ALJ is not required 'to seek additional clarifying statements from a treating physician *unless a crucial issue is undeveloped*.'" *Goff v. Barnhart*, 421 F.3d 785, 791 (8th Cir. 2005) (quoting *Stormo*, 377 F.3d at 806) (emphasis added). "[A]n ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision." *Naber v. Shalala*, 22 F.3d 186, 189 (8th Cir. 1994); *see also Halverson v. Astrue*, 600 F.3d 922, 933 (8th Cir. 2010) ("The ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." (quoting *Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994)). A claimant's records need not explicitly discuss work-related limitations, as long as the records describe the claimant's "functional limitations with sufficient generalized clarity to allow for an understanding of how those limitations function in a work environment." *Cox v. Astrue*, 495 F.3d 614, 620 n.6 (8th Cir. 2007).

The ultimate question, then, is whether a critical issue was underdeveloped here such that the ALJ's decision was not supported by substantial evidence. "There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis." *Mouser v. Astrue*, 545 F.3d 634, 639 (8th Cir. 2008) (citation omitted). "[S]ome medical evidence must support the determination of the claimant's RFC, and the ALJ should obtain medical evidence that addresses the claimant's ability to function in the workplace[.]" *Lauer v. Apfel*, 245 F.3d 700, 703-04 (8th Cir. 2001) (quoting *Dykes v. Apfel*, 223 F.3d 865, 867 (8th Cir. 2000) (per curiam); *Nevland*, 204 F.3d at 858) (internal citations and quotation marks omitted). But "the ALJ [is] not limited to

considering medical evidence . . . ." *Id.* at 704. Rather, the ALJ must "assess[] a claimant's residual functional capacity based on all relevant evidence." *Guilliams v. Barnhart*, 393 F.3d 798, 803 (8th Cir. 2005) (quoting *Roberts v. Apfel*, 222 F.3d 466, 469 (8th Cir. 2000)). Relevant evidence includes "medical records, observations of treating physicians and others, and an individual's own description of his limitations." *Lacroix v. Barnhart*, 465 F.3d 881, 887 (8th Cir. 2006) (quoting *Strongson v. Barnhart*, 361 F.3d 1066, 1070 (8th Cir. 2004) (internal quotation and citation omitted)).

Based on the standards above, particularly those in *Nevland*, Judge Strand concluded that the ALJ failed to properly develop the record related to Kruger's physical impairments for the following reasons:

> [T]he record contains insufficient evidence of "the nature and severity of [Kruger's] impairments during the relevant period of time, including her symptoms, diagnosis and prognosis, what she is capable of doing despite the impairments, and the resulting restrictions." The ALJ found that Kruger's physical impairments "cause significant limitations in [her] ability to perform basic work activities," AR 140, but relied solely on the opinions of doctors who did not examine her to reach conclusions concerning the extent of those limitations. The medical evidence of record does not fill the gap. If anything, that evidence shows that Kruger has had recurring, serious symptoms that required repeated treatment, including hospitalization. The evidence does not show whether the symptoms will continue to recur and, if so, to what extent they will limit Kruger's ability to perform competitive work. For example, will Kruger be absent from work on a regular basis because of serious, recurring symptoms?
>
> Under these circumstances, the ALJ should have developed the record further by, at minimum, arranging for a consultative physical examination. I must recommend remand to cure this error.

(Docket no. 17, at 17) (internal citation omitted). The Commissioner argues that no crucial issue was undeveloped, pointing to two things: (1) the state agency consultative reports about Kruger's impairments and (2) Kruger's treatment records.

Under *Nevland*,[1] the opinions from consultative examinations are alone insufficient to support the ALJ's decision. 204 F.3d at 858. As for the medical records, I agree with Judge Strand—they do not "fill the gap." The Commissioner is correct that "[t]he ALJ was not required to order a consultative examination simply because the record did not contain an opinion affirmatively stating that [Kruger] could maintain regular attendance" (docket no. 17, at 8). But, based on the standards discussed above, the ALJ must be able to rely on some medical evidence that describes Kruger's "functional limitations with sufficient generalized clarity to allow for an understanding of how those limitations function in a work environment." *Cox*, 495 F.3d at 620 n.6. As Judge Strand notes, this is where the medical records fall short.

The Commissioner argues that "the medical records, including [Kruger's] diagnostic testing and examinations, provided sufficient evidence from which the ALJ could determine whether [Kruger] could maintain regular attendance" (docket no. 17, at 8). But the Commissioner does not cite to a single record that addresses Judge Strand's concerns. Rather, the Commissioner cites to her prior brief before Judge Stand, which less-than-helpfully lists a string of record citations devoid of any specific information: "Furthermore, [Kruger's] diagnostic testing (Tr. 384-85, 444-45, 468, 545-46, 554) and examinations (Tr. 370, 387, 461, 463, 493, 519, 557, 566) do not suggest

---

[1] It is telling that, in her objection to the R&R, the Commissioner does not attempt to distinguish or analyze *Nevland*, other than to suggest that *Nevland* no longer applies in light of post-2003 clarifications to social security regulations (docket no. 17, at 4). I rejected that argument in *Hattig v. Colvin*, No. C 12-4092-MWB, 2013 WL 6511866, at *9 (N.D. Iowa Dec. 12, 2013).

significant limitations that would preclude her from performing sedentary work." (Docket no. 13, at 19). I am left to wonder what specific parts of these string-cited records support the Commissioner's argument. In any event, after reviewing the record, I concur with Judge Strand that remand is appropriate so that the ALJ can develop the record regarding Kruger's physical impairments.

## II. KRUGER'S MOTION TO REMAND

Kruger independently moves for remand because she recently received a separate disability award in a more recent disability proceeding (docket no. 18). Kruger attaches to her motion a "Notice of Award" from the Social Security Administration, which states: "We found that you became disabled under our rules on June 7, 2012" (docket no. 18-2, at 1). June 7, 2012, is the day after the ALJ denied benefits in this case. Thus, Kruger requests remand so that the ALJ in this case can consider this "new and additional evidence" (docket no. 18-1, at 1).

"The 'exclusive methods' for district courts to remand to the Commissioner are in sentences four and six of 42 U.S.C. § 405(g)." *Travis v. Astrue*, 477 F.3d 1037, 1039 (8th Cir. 2007) (citations omitted). Sentence four of 42 U.S.C. § 405(g) provides: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Sentence six of 42 U.S.C. § 405(g) provides:

> The court may . . . remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .

6

In her memorandum supporting her motion for remand, Kruger claims to seek remand under both sentence four and sentence six. I have already concluded, in Part I, that a sentence four remand is appropriate so that the ALJ can develop the record regarding Kruger's physical impairments. *See Buckner v. Apfel*, 213 F.3d 1006, 1011 (8th Cir. 2000) (noting that a remand to remedy an ALJ's failure to develop the record is a "sentence four" remand). Kruger offers no authority suggesting that sentence four applies to her remand request. Rather, she argues that the ALJ should consider her recent disability award as new evidence, which is the function of a sentence six remand. Thus, I will evaluate Kruger's motion for remand under sentence six.

By its text, sentence six allows me to remand this case only if Kruger (1) presents "new evidence which is material" to the ALJ's prior ruling and (2) shows "good cause" for failing to present the new evidence at a prior hearing. "To be considered material, the new evidence must be non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied." *Hepp v. Astrue*, 511 F.3d 798, 808 (8th Cir. 2008) (quoting *Jones v. Callahan*, 122 F.3d 1148, 1154 (8th Cir. 1997) (internal quotation omitted)). "Good cause does not exist when the claimant had the opportunity to obtain the new evidence before the administrative record closed but failed to do so without providing a sufficient explanation." *Id.*

Applying these standards to the case at hand, Kruger's request for a sentence six remand fails at the first step because she points to no new, material evidence establishing her alleged disability prior to the ALJ's decision in this case. The only new "evidence" that Kruger offers is an April 19, 2014, Notice of Award noting that Kruger was awarded disability benefits beginning on June 7, 2012, the day *after* the ALJ denied Kruger's original claim. Because June 7, 2012, falls outside the range of dates considered by the ALJ in this case, the Notice of Award is not "probative of

7

[Kruger's] condition for the time period for which benefits were denied" and is thus not "material." *Hepp*, 511 F.3d at 808 (quotation omitted). Rather, the Notice merely reflects a subsequent determination that Kruger was disabled.

"The subsequent determination that [Kruger] was disabled does not warrant a remand of [her] initial benefits denial." *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 652 (6th Cir. 2009). As the Sixth Circuit Court of Appeals has explained:

> Under sentence six, the mere existence of the subsequent decision in [Kruger's] favor, standing alone, cannot be evidence that can change the outcome of [her] prior proceeding. A subsequent favorable decision may be *supported by* evidence that is new and material under § 405(g), but the decision is not itself new and material evidence.

*Id.* at 653; *see also Burge v. Dep't of Air Force*, 7 F. App'x 931, 934 (Fed. Cir. 2001) (noting that a "Social Security Administration . . . decision itself is not evidence of disability"). Thus, in arguing for a sentence six remand, Kruger cannot "rel[y] exclusively on the existence of the subsequent decision." *Allen*, 561 F.3d at 653.

But that is exactly what Kruger does in this case; she relies exclusively on the Notice of a subsequent decision awarding her disability benefits outside of this case's timeframe. Importantly, Kruger fails to point to—much less provide me with—a single piece of new evidence underlying or supporting the Notice. Simply pointing to a subsequent favorable determination does not constitute new and material evidence warranting a sentence six remand. Kruger's motion for remand is therefore denied.

**THEREFORE,**

For the reasons discussed above, I adopt the recommendations in the R&R (docket no. 16). The Commissioner's decision is reversed, and this case is remanded for further proceedings consistent with the R&R. The Clerk shall enter judgment in

favor of Kruger and against the Commissioner. Kruger's independent motion for remand (docket no. 18) is denied.

**IT IS SO ORDERED**.

**DATED** this 25th day of June, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA